**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Andrea Cecere, | Case No. 2:23-cv-2049-JAD-MDC |
| Plaintiff | **Order Bifurcating Trial** |
| v. | ECF Nos. 108, 114 |
| LVGV, LLC, et al., | |
| Defendants | |

This is a personal-injury case arising from an alleged slip and fall at the Vig Deli inside the M Resort in Las Vegas, Nevada. Plaintiff Andrea Cecere sued the owner of the property (LVGV, LLC) and the independent maintenance company allegedly responsible for the kitchen staff, equipment, and safety practices inside the Vig Deli (The Burks Companies, Inc.) under state-law negligence theories.[1] LVGV filed a crossclaim against Burks for breach of contract and contractual and implied indemnity or contribution.[2] Cecere reached a good-faith settlement with Burks to resolve her claims against Burks,[3] but LVGV's claims for contract-breach and contractual indemnity against that maintenance contractor remain. After that good-faith settlement determination and a round of summary judgment, this case heads to trial on Cecere's negligence claim against

---

[1] ECF No. 48 (amended complaint).

[2] ECF No. 25.

[3] ECF No. 113 (minutes of hearing granting motion for good faith settlement).

1

LVGV and LVGV's contract-based crossclaims.  Cecere moves to bifurcate for trial LVGV's claims against Burks from her claims against LVGV.[4]

Federal Rule of Civil Procedure (FRCP) 42(b) authorizes courts to order separate trials of claims and crossclaims "[f]or convenience, to avoid prejudice, or to expedite and economize."[5]  This rule gives district courts "broad discretion" to "bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings."[6]  "A court might bifurcate a trial to 'avoid a difficult question by first dealing with an easier, dispositive issue,' or to avoid the risk of prejudice."[7]

The plaintiff argues that bifurcating the trial of her case against LVGV from LVGV's contract claims against Burks is warranted under Rule 42 because LVGV's claims against Burks will not even be ripe unless and until Cecere is awarded damages on her negligence claim against LVGV.[8]  She points out that her negligence claim and LVGV's contract claims against Burks "arise from distinct factual inquiries" and "involve distinct legal standards, unrelated elements, and different evidentiary showings."[9]  She adds that trying these claims together will confuse the jury because

---

[4] ECF No. 114.

[5] Fed. R. Civ. P. 42(b).

[6] *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

[7] *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (quoting *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)).

[8] ECF No. 114 at 6.

[9] *Id*. at 7.

Nevada law imposes a non-delegable duty on the property owner to keep their premises safe, yet LVGV's contract theory essentially puts that duty on Burks.[10]

LVGV opposes Cecere's motion. It argues that bifurcation would result in duplication because the plaintiff's claim and its own crossclaims "are based on the same evidence," as demonstrated by the largely overlapping witness and exhibit lists in the proposed joint pretrial order.[11] It insists that its crossclaims are already ripe because FRCP 13(g) allows such claims.[12] And it argues that any confusion can be solved by a series of questions in a special verdict form.[13]

I find that bifurcation is warranted here, so I grant the motion to bifurcate. The plaintiff's settlement with Burks substantially dismantled the bridge between her claim and LVGV's crossclaims that made a single trial economical, nonprejudicial, and unlikely to cause jury confusion. While the claims all spring from the same event—Cecere's slip and fall at the Vig Deli—they present separate and distinct issues. For example, a jury considering only Cecere's negligence claim against LVGV will not need to determine whether a valid agreement exists between LVGV and Burks; what Burks's duties under that agreement were; and whether Burks breached those terms causing LVGV to incur damages. LVGV also fails to mention that part of its crossclaim alleges that Burks breached its duty to defend LVGV in this lawsuit because "LVGV has

[10] *Id*. at 8–9.

[11] ECF No. 115 at 4–5.

[12] *Id*. at 5.

[13] *Id*. at 7.

3

tendered its defense to The Burks Companies, Inc., who has not accepted it."[14]  To prove that portion of its claims, LVGV will need to present evidence of its litigation expenses. Wrapping all of these indemnification-and-defense issues into the trial of Cecere's straightforward negligence case presents a significant likelihood of jury confusion that would prejudice the plaintiff.  And these significant differences between Cecere's and LVGV's claims, theories, and evidentiary bases materially distinguish this case from *Safeco Insurance Company of America v. Air Vent, Inc.*, in which I denied a motion to bifurcate third-party claims from the main case, which was based mainly on the plaintiff's desire to hurry its claims to trial before the third-party case finished discovery.[15]

It is also entirely possible that a portion of LVGV's claims may not need to be tried.  If LVGV wins a defense verdict at trial, Burks's duty to indemnify LVGV for Cecere's damages would not be triggered.  So allowing LVGV to try its crossclaims against Burks before the jury has decided LVGV's liability may be a waste of judicial resources.

IT IS THEREFORE ORDERED that **the plaintiff's motion to bifurcate [ECF No. 114] is GRANTED.**  This case will be bifurcated into two separate trials before two separate juries, starting with the trial of the plaintiff's negligence claims against LVGV,

---

[14] ECF No. 25 at ¶ 4.

[15] *See Safeco Ins. Co. of Am. v. Air Vent, Inc.*, 2023 WL 3995822, *1 (D. Nev. June 12, 2023).

and followed by the trial of LVGV's crossclaims against Burks. The previously submitted proposed joint pretrial order **[ECF No. 108] is DENIED** as moot.

IT IS FURTHER ORDERED that **the parties must meet and confer, prepare, and file by February 28, 2026, an amended proposed joint pretrial order** to reflect this bifurcation decision. That proposed order should contain all necessary information for both trials, with the second trial set on the stack immediately following the first.

_____
U.S. District Judge Jennifer A. Dorsey
January 29, 2026

5